**COSTELLO & MAINS, LLC**
By: Daniel T. Silverman
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| VINESHKUMAR PATEL, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiff(s), | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | **Electronically filed** |
| KJK SPIRITS, INC.; BUY RITE LIQUOR; | : | |
| SANJAY PATEL; HEMA PAPAIYA; and | : | DOCKET NO: |
| JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendant(s). | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| | : | |
| | : | |

Plaintiff Vineshkumar Patel ("Plaintiff"), residing in the County of Hudson, State of New Jersey, by way of complaint against the defendants, says:

**Preliminary Statement**

1. This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA"), New Jersey Wage and Hour Law ("NJWHL") and New Jersey Wage Payment Law ("NJWPL").

**Jurisdiction and Venue**

2. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3. Because plaintiff and defendants are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Identification of Parties

1. Plaintiff Vineshkumar Patel resides at 816 Newark Avenue, Jersey City, NJ 07306, and at all pertinent times herein, was employed by defendants.

2. Defendant KJK Spirits, Inc. ("KJK") is a corporation conducting business in the State of New Jersey at 207 Ringwood Avenue, Wanaque, NJ 07465, and is an employer within the meaning of the FLSA, NJWHL and NJWPL.

3. Defendant Buy Rite Liqour ("BRL") is a business entity conducting business in the State of New Jersey at 207 Ringwood Avenue, Wanaque, NJ 07465, and is an employer within the meaning of the FLSA, NJWHL and NJWPL.

4. Defendant Sanjay Patel is an individual who acts directly or indirectly in the interest of KJK and BRL in relation to their employees, including plaintiff.

5. Defendant Hema Papaiya is an individual who acts directly or indirectly in the interest of KJK and BRL in relation to their employees, including plaintiff

6. KJK is an employer within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL and NJWPL. Upon information and belief KJK has gross annual revenue in excess of $500,00 per year.

7. BRL is an employer within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL and NJWPL. Upon information and belief BRL has gross annual revenue in excess of $500,00 per year.

8. KJK and BRL are dual and/or joint and/or special employers of the plaintiff.

9. KJK and BRL are an enterprise within the meaning of the FLSA, NJWHL and NJWPL.

10.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

### **General Allegations**

11.     Plaintiff was employed by defendants from in or around March 2015 through his last day of employment on or around August 12, 2018.

12.     Plaintiff was employed as a cashier, whose job duties included stocking shelves, cleaning and checking out customers.

13.     Plaintiff first earned $10.00 per hour.

14.     Plaintiff's hourly rate increased to $11.00 per hour in January 2016.

15.     In January 2018, plaintiff's hourly rate increased again to $12.00 per hour.

16.     Plaintiff was an hourly paid employee through the entirety of his employment.

17.     Plaintiff's weekly hours varied, but typically he worked at least 12 hours per day, six days per week, at times working up to 80 hours per week.

18.     Plaintiff did utilize a computer to "punch in" and "punch out" each day, therefore Defendants should be in possession of time records for Plaintiff's employment.

19.     Defendants paid Plaintiff his regular hourly rate for all hours worked.

20.     Defendants failed, however, to pay Plaintiff overtime at one and one-half times his regular hourly rate for hours worked in excess of 40 per work week.

21.     In addition to failing to pay overtime, Defendants failed to pay Plaintiff at all for the final four weeks of his employment, in violation of the NJWPL.

22. Defendants have willfully refused to pay overtime to plaintiff in an amount equal to one and one half the regular hourly rate for all hours worked in excess of 40 per week, despite his multiple requests to receive overtime pay for his overtime hours.

23. As an hourly paid employee, plaintiff cannot be deemed exempt from the overtime requirements of the FLSA or NJWHL, regardless of his job duties.

24. Defendants' refusal to pay overtime mandates the imposition of liquidated damages.

## COUNT I

### FLSA Violation

25. Plaintiff hereby repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

26. Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

27. Defendants failed to pay plaintiff overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of forty in a work week.

28. Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

29. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

30. Plaintiff hereby repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

32. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

33. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

34. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully request that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

(d) granting such other and further relief as this Court deems necessary and proper.

## COUNT III

### New Jersey Wage Payment Law

35. Plaintiff hereby repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

36. Defendants failed to pay plaintiff for any hours worked by him during his final four weeks of employment, approximately 320 hours, some of which includes overtime compensation.

37. Defendants, by the above acts, have violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

38. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWPL;

(b) directing defendants to make plaintiff whole for all unpaid wages due as a consequence of defendants' violation of the NJWPL, together with interest thereon from the date(s) such wages were due but unpaid; and

(c) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**

By: ＿/s/ Daniel T. Silverman＿＿＿
　　　Daniel T. Silverman
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dsilverman@costellomains.com

Attorneys for Plaintiff

Dated:  August 30, 2018

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through their below-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By:   /s/ Daniel T. Silverman
      Daniel T. Silverman

## DESIGNATION OF TRIAL COUNSEL

Daniel T. Silverman, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, P.C.**

By:   /s/ Daniel T. Silverman
      Daniel T. Silverman

## **DEMAND TO PRESERVE EVIDENCE**

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: /s/ Daniel T. Silverman
 Daniel T. Silverman