UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINESHKUMAR PATEL,<br><br>    Plaintiff,<br>v.<br><br>KJK SPIRITS, INC., BUY RITE LIQUOR, SANJAY PATEL, and HEMA PAPAIY, et al.,<br><br>    Defendants. | Civil Action No.<br><br>18-13405 (SDW) (LDW)<br><br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

  **THIS MATTER** comes before the Court on the parties' joint motion for settlement approval. (ECF No. 45). The parties have consented to proceed before a Magistrate Judge for the instant motion, including entry of a final order. (ECF No. 46).

    **I.**  **Background and Procedural History**

  1.  The parties' proposed settlement resolves all claims in the action entitled *Patel v. KJK Spirits, Inc., et al.*, Civ. A. No. 18-13405 (LDW), which is currently pending before this Court.

  2.  Plaintiff Vineshkumar Patel commenced this action on August 30, 2018, alleging that defendants failed to pay him overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* ("NJWHL"), and that defendants failed to pay him for any hours worked during his final four weeks of employment in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL"). (Complaint, ECF No. 1).

3. Defendants KJK Spirits, Inc., Sanjay Patel, and Hema Papaiya answered the complaint on May 2, 2019, and defendant KJK Spirits, Inc. asserted counterclaims for property taken without authorization, unjust enrichment, and property tortiously damaged, on the basis that plaintiff unlawfully took KJK Spirits, Inc.'s cash and lottery tickets. (ECF No. 19).

## II.   Settlement Terms

4. The parties appeared for a settlement conference before the undersigned on January 27, 2020, during which they engaged in good faith, arms-length negotiations and ultimately agreed to a full settlement of all claims that may exist between the parties. (ECF No. 45, p. 11). The settlement was memorialized on the record.

5. Plaintiff submitted a proposed settlement agreement on February 21, 2020. (ECF No. 45).

6. The parties have agreed to settle this case for a total amount of $30,000.00 as follows:

   a. The parties have agreed that if plaintiff were to prevail in this action, his maximum recovery for unpaid overtime wages and liquidated damages would not exceed approximately $17,000.00. This calculation assumes that plaintiff would be entitled to liquidated (double) damages for a willful violation, and it credits plaintiff for unpaid wages for a period that may be outside the statute of limitations. Defendants have agreed to pay plaintiff $16,175.80, which is nearly the maximum recovery to which he would be entitled if he prevailed on all his claims and defendants' conduct was found to be willful, which defendants dispute.

   b. Defendants have agreed to pay the balance of the settlement amount, $13,824.20, as attorneys' fees to plaintiff's counsel at Costello & Mains, LLC.

### III. Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

9. Here, the settlement resolves a bona fide dispute over whether defendants' violation was willful and whether certain unpaid hours occurred outside the statute of limitations.

10. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

11. The Court has considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and finds that the settlement reflects a fair and reasonable compromise of disputed issues. The parties' settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages.

12. Further, the proposed settlement is the product of arms-length negotiation between the parties. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

13. Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does include a mutual non-disparagement clause, but as it does not preclude plaintiff from discussing the terms of the settlement agreement, "it is not so restrictive that it frustrates the purpose of the FLSA." *Lyons v. Gerhard's, Inc.*, Civ. A. No. 14-06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015).

14. Moreover, while the plaintiff's providing a general release to settle an FLSA claim is often rejected as overly broad, "[c]ourts are less skeptical of a broad release of claims when the employee receives independent compensation from the employer as consideration for the release." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1179 (S.D. Cal. 2016). Here, the Court finds the general release provision to be supported by adequate and separate consideration in that defendants have agreed to dismiss their counterclaims against plaintiff in exchange for the general release. *See Redden v. King's Corner Pub, LLC*, Civ. A. No. 16-6152, 2017 WL 4883177, at *3 (E.D. Pa. Oct. 27, 2017) (approving FLSA settlement that included a general release because the release was "supported by significant additional consideration beyond the full compensation provided for Plaintiff's FLSA claims").

15. Having considered the parties' submissions in support of their joint motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 45) and approves the payments to be made to plaintiff as set forth therein.

### IV. Award of Attorneys' Fees and Costs

16. When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted); *see Mabry*, 2015 WL 5025810, at *3.

17. Plaintiff's counsel seeks $13,824.20 in fees, which represents 45% of the total settlement amount. While 45% is at the highest end of reasonable, the Court will approve the proposed fee award because the gross amount of fees is not unreasonable given the amount of time and work counsel committed to this matter. *Cf. Redden*, 2017 WL 4883177, at *2 ("Here, the proposed $14,406 in attorneys' fees represents approximately 36 percent of the $40,000 settlement fund, which is within the range of fee awards approved by courts in this Circuit."); *Lyons*, 2015 WL 4378514, at *5 (approving attorneys' fees amounting to 44% of the total settlement amount, despite it being "on the higher side," where counsel reviewed approximately 12,000 pages of documents and conducted a deposition). Here, counsel represents that this matter was actively litigated for approximately a year and half, including motion practice relating to defendants' default, review of substantial documentation, and repeated requests to the Court regarding defendants' discovery responses. (ECF No. 45 at p. 6).

### V. Conclusion and Dismissal

18. The Court approves the terms and conditions of the settlement agreement.

19. The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

20. This case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the settlement agreement.

21. The Court will retain jurisdiction over this matter for purposes of resolving any disputes between the parties related to the settlement agreement.

22. The Clerk of Court is directed to terminate the motion at ECF No. 45.


**It is SO ORDERED this 31st day of March, 2020.**


                                            _____*s/ Leda Dunn Wettre*_____
                                            Hon. Leda Dunn Wettre
                                            United States Magistrate Judge